UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STACEY ALLIGOOD,

    Plaintiff,

v.                                          Case No. 8:23-cv-01677-TPB-NHA

SUNSHINE BUSINESS
MANAGEMENT, INC., *et al.*,

    Defendants.
_____/

**<u>ORDER ON MOTION FOR ENTRY OF CLERK'S DEFAULT</u>**

The Court grants Plaintiff's motion for Entry of Clerk's Default against Defendant Sunshine Business Management, Inc. However, Defendant Sunshine Business has belatedly indicated an intent to defend (Doc. 25) and the Court will entertain a motion to set aside the Clerk's Default under Federal Rule of Civil Procedure 55(c).

Plaintiff alleges Defendants Sunshine Business Management, Inc., and B K R Holdings Group, Inc., acted unlawfully when they induced Plaintiff to pay fees related to a transaction to lease her timeshare, and then never closed on the transaction. Doc. 1. Plaintiff alleges that she served

Defendant Sunshine Business on August 22, 2023 (Doc. 14),[1] and that Sunshine Business failed to timely answer or otherwise respond. Doc. 23. The Court ordered Plaintiff to file a motion for Clerk's Default on or before January 8, 2024 (Doc. 22), and Plaintiff did so (Doc. 23). The day after Plaintiff moved for a Clerk's Default, Sunshine Business filed an answer and affirmative defenses. Doc. 25.

Federal Rule of Civil Procedure 55(a) states, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk **must** enter the party's default."[2] FED. R. CIV. P. 55(a) (emphasis

---

[1] Sunshine Business later filed an answer to the Complaint which contained no objection to the service of process or to the exercise of the Court's personal jurisdiction over Sunshine Business. Doc. 25. Therefore, the Court does not examine sufficiency of process in this case. *See* FED. R. CIV. P. 12(h)(1)(B)(ii); *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990) (holding proper service of process is required for the court to exercise personal jurisdiction over a defendant, but failure to object to proper service of process waives the objection).

[2] The Rule does not expressly specify whether the Clerk must enter a default if a party shows an intent to defend **after** a defendant has defaulted, and after a plaintiff has filed a motion for Clerk's Default. Courts are divided on whether such a belated demonstration of an intent to defend can negate the mandatory entry of Clerk's Default. *See, e.g., Behounek v. Grisham*, 1:20-cv-00405-JCH-LF, 2020 WL 5757798 (D.N.M. September 28, 2020) (finding entry of default under Rule 55(a) appropriate when the defendant filed a belated answer); *David Boggs, LLC, et al, v. Soltis, et al,*

2

added). The rule is non-discretionary; a defendant who fails to timely answer a complaint is in default. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 (11th Cir. 2014) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kane, *Fed. Prac. & Proc. Civ.* § 2692 at 85 (4th ed. 2021)) ("[A] defendant who fails to answer within the time specified by the rules is in default even if that fact is not officially noted.").

Here, Plaintiff filed a return of service showing it served Sunshine Business on August 22, 2023. Doc. 14. Sunshine Business failed to timely respond. *See* FED. R. CIV. P. 12(a)(1)(A)(i). Plaintiff moved for entry of a Clerk's Default on January 8, 2024 (Doc. 23), at which time Sunshine Business had still not responded, and entry of a Clerk's Default became mandatory under Rule 55(a). Entry of a Clerk's Default is appropriate.

Plaintiff's motion for Clerk's Default (Doc. 23) is GRANTED.

The Clerk is DIRECTED to enter default against Defendant.

---

Case No. 6:18-cv-687-Orl-37GJK, 2018 WL 8188569 (M.D. Fla. Oct. 1, 2018) (declining to enter default when the defendant filed an answer after the plaintiffs moved for clerk's default). Given the mandatory language of Rule 55(a), the Court believes the cautious way to proceed is to enter the Clerk's Default and entertain a motion under Rule 55(c) to set aside the Clerk's Default, if warranted.

The Court notes Sunshine Business filed an answer on January 9, 2024. Doc. 25. Defendant may move to set aside the Clerk's Default if it believes it can satisfy the requirements of Rule 55(c).

Otherwise, pursuant to Local Rule 1.10, Plaintiff shall, within 35 days of entry of the Clerk's Default, apply for default judgment or file a paper identifying each unresolved issue necessary to entry of the default. judgment.

ORDERED on January 12, 2024.

*Natalie Hirt Adams*
NATALIE HIRT ADAMS
United States Magistrate Judge