UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STACEY ALLIGOOD,

       Plaintiff,

v.                               Case No. 8:23-cv-01677-TPB-NHA

SUNSHINE BUSINESS
MANAGEMENT, INC., *et al.*,

       Defendants.
_____/

## ORDER ON MOTION FOR ENTRY OF CLERK'S DEFAULT

The Court grants Plaintiff's motion for Entry of Clerk's Default against B K R Holdings Group, Inc. ("BKR") (Doc. 20).

### Background

Plaintiff alleges Defendants Sunshine Business Management, Inc. and BKR acted unlawfully when they induced Plaintiff to pay fees related to a transaction to lease her timeshare, and then failed to close on the transaction. Am. Compl. (Doc. 6).

Plaintiff alleged that, in August 2023, she properly served Defendants BKR and Sunshine Business Management. Docs. 13, 14. Neither Defendant answered or otherwise responded to the suit. Docs. 20, 23.  In January 2024,

pursuant to direction from the Court (Doc. 18), Plaintiff filed motions for Clerk's default against both defendants. Docs. 20, 23.

The Court granted the motion for Clerk's default as to Sunshine Business Management. Doc. 26. However, it was not clear to the Court, from Plaintiff's submissions, that Plaintiff had properly served BKR. Specifically, Plaintiff alleged that she served BKR by serving Rebecca J. Baker at 57 Kent Avenue, Marlton, NJ 08053. Doc. 20. However, Plaintiff's submissions did not make clear whether Ms. Baker was an officer at BKR at the time Plaintiff served her. The Court requested additional information to determine whether Plaintiff had properly served BKR. Doc. 24. Plaintiff provided the requested supplemental information on January 19, 2024. Doc. 27.

## Analysis

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe*

*Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations. It provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). A corporation may also be served by following state law in which the district court is located or in which service is effected. FED. R. CIV. P. 4(h)(1)(A), 4(e)(1).

Service was attempted in New Jersey. Doc. 13. Under New Jersey law, a party effectuates service of process by serving a copy of the summons and complaint on "any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation . . ." N.J. Ct. R. 4:4-4(a)(6). The New Jersey statutes provide that the officer can be served personally or "by leaving a copy [of the summons and the complaint] at the individual's dwelling place or usual place of abode with a competent member of the

3

household of the age of 14 or over then residing therein." N.J. Ct. R. 4:4-4(a)(1).

Plaintiff provides a document that BKR filed on August 16, 2023, with the New Jersey Treasury, which lists Kevin Baker as BKR's president and CEO, and lists his address as 57 Kent Avenue, Marlton, NJ 08053. Doc. 27-5. Plaintiff also attaches records from Burlington County, New Jersey, showing that Mr. Baker and his wife, Rebecca Baker, co-own the Kent Avenue residence. Doc. 27-4. Plaintiff served Rebecca Baker with the summons and Amended Complaint at the Kent Avenue residence on August 15, 2023. Doc. 13. The process server noted that she is approximately 50 years old. *Id.* Thus it appears that Plaintiff served BKR "by leaving a copy [of the summons and the complaint] at [a BKR officer's] dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein," in accordance with New Jersey law. *See* N.J. Ct. R. 4:4-4(a)(1).

BKR has been properly served. Under Rule 12(a)(1)(A), BKR had until September 5, 2023, 21 days after being served with the summons and complaint, to serve an answer or otherwise respond. BKR has not answered Plaintiff's complaint or otherwise demonstrated an intent to defend itself in

this action, and the time to do so has expired. And, Plaintiff moved for Clerk's default within the deadline provided by the Court. Docs. 18, 20. Entry of a Clerk's Default against BKR is warranted.

Plaintiff's motion for Clerk's default (Doc. 20) is GRANTED.

The Clerk is DIRECTED to enter default against Defendant.

Pursuant to Local Rule 1.10, Plaintiff shall, within 35 days of entry of the Clerk's Default, apply for the default judgment or file a paper identifying each unresolved issue necessary to entry of the default judgment.

ORDERED on January 24, 2024.

NATALIE HIRT ADAMS
United States Magistrate Judge