UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STACEY ALLIGOOD,

    Plaintiff,

v.                                    Case No. 8:23-cv-01677-TPB-NHA

SUNSHINE BUSINESS
MANAGEMENT, INC., *et al.*,

    Defendants.
_____/

## **ORDER**

Plaintiff's motion for Default Judgment against B K R Holdings Group, Inc. (Doc. 37) is denied without prejudice.

On July 27, 2023, Plaintiff Stacey Alligood filed this ten-claim action alleging that Defendants Sunshine Business Management, Inc. and BKR acted unlawfully when they induced Plaintiff to pay fees related to a transaction to lease her timeshare, and then failed to close on the transaction. Am. Compl. (Doc. 6). Plaintiff served each Defendant. Docs. 13, 14. After Defendants failed to timely respond, Plaintiff moved for entries of Clerk's default under Federal Rule of Civil Procedure 55(a). Docs. 20, 23. The Court granted those motions (Docs. 26, 28), and the Clerk entered default against each Defendant (Docs. 29, 30). Plaintiff subsequently settled her claim against Defendant Sunshine Business Management. Doc. 34.

Now, Plaintiff brings a motion for entry of final default judgment against Defendant BKR under Rule 55(b)(2). Doc. 37. But Plaintiff's motion fails to comply with the Federal Rules of Civil Procedure and the Middle District of Florida's Local Rules.

First, the Middle District of Florida's Local Rules dictate that a motion include "a legal memorandum supporting the request." M.D. Fla. R. 3.01(a). Federal Rule of Civil Procedure 7 similarly demands that a motion "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7 (b)(1)(B).

Here, Plaintiff cites Rule 55(b)(2) and asserts without elaboration that it is entitled to default judgment; Plaintiff further avers that no evidentiary hearing on damages is necessary and cites case law in favor of that proposition. Doc. 37. But Plaintiff is not entitled to entry of a default judgment merely because a Clerk's default has been entered against Defendants. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Rather, Plaintiff must establish that the factual allegations in the complaint are sufficient, under governing law, to establish that (1) the Court has jurisdiction over this case, and (2) Defendant BKR is liable for each of the claims for which Plaintiff seeks default judgment. *Id.*; *see also Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (a court must establish jurisdiction before rendering a judgment).

Additionally, to the extent Plaintiff believes the damages are capable of being discerned by mathematical calculation, Plaintiff shall submit the calculations supporting its demand.

Accordingly, Plaintiff's motion for default judgment (Doc. 37) is **DENIED WITHOUT PREJUDICE**.

Plaintiff is granted leave to file a Motion for Default Judgment against BKR on or before March 22, 2024, that comports with the Local and Federal Rules.

**ORDERED** on February 29, 2024.

*Natalie Hirt Adams*
NATALIE HIRT ADAMS
United States Magistrate Judge